**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MAURICE L. WALKER,**

       **Plaintiff,**

                                **Case No. 2:25-cv-1473**
                                **Chief Judge Sarah D. Morrison**
     **v.**                            **Magistrate Judge Elizabeth A. Preston
Deavers**

**CHRISTOPHER WINFREY,**

       **Defendant.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Maurice L. Walker, proceeding *pro se*, initiated this action by filing an

application to proceed *in forma pauperis*. (ECF No. 1.) The Motion (ECF No. 1) is

**GRANTED**. All judicial officers who render services in this action shall do so as if the costs

had been prepaid. 28 U.S.C. § 1915(a). It is **ORDERED** that Plaintiff be allowed to prosecute

his action without prepayment of fees or costs.

This matter is also before the Court for an initial screen of Plaintiff's Complaint (Compl.,

ECF No. 1-1) under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to

recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. For the reasons below, the

Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint.

## I.     STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to

"lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    \*       \*       \*

    (B) the action or appeal--

        (i) is frivolous or malicious;

        (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

"A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law." *Brown v. Kruse*, No. 1:15-CV-526, 2015 WL 5907557, at *1 (S.D. Ohio Aug. 24, 2015) (citing *Neitzke*, 490 U.S. at 328–29), *report and recommendation adopted*, No. 1:15-CV-526, 2015 WL 5836009 (S.D. Ohio Oct. 7, 2015). "An action has no arguable legal basis when the . . . plaintiff claims a violation of a legal interest which clearly does not exist. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or wholly incredible." *Id*. (citations and quotations

---

[1] Formerly 28 U.S.C. § 1915(d).

omitted). The Court does not need to accept as true factual allegations that are fantastical or delusional. *Id.* (citations and quotations omitted).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits: "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In addition, when it is evident from the face of the complaint that a court lacks federal jurisdiction, the court may dismiss an action for lack of subject-matter jurisdiction under both 28

U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-CV-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.    ANALYSIS

The Undersigned concludes that Plaintiff's Complaint should be dismissed.  Plaintiff purports to sue Defendants[2] pursuant to 42 U.S.C. § 1983.  (Compl. at PageID 6.)  Plaintiff asserts that unidentified state or local officials violated his federal constitutional or statutory right(s) in the following manner:

> Failing to Discharge all Debts Pursuant To
> 74rd Congress, Sess. 1, Ch. 5.48 49, JUNE 5, 6. 1933 HJR 192
> HR 1491 PUBLIC LAW 1 48 STAT 1
> PUBLIC LAW 10 Chapter 48 STAT 112
> PUBLIC LAW 73-1040 STAT 411
> TRADING WITH THE ENEMY ACT (TWEA) Oct.6, 1917[.]

(*Id.* at PageID 6–7.)

In support, Plaintiff alleges the following:

> All utilities companies Knowingly have been sending their (customers) dividends but, in fact, making each recipient believe that dividend was an invoice for services provided by the utilities companies.
>
> The Utilities Companies have mailed through the US mail an intentional misrepresentation of facts, unfair business practices and each utility company and agents thereof have knowingly with forethought and malice created a fraudulent debt, defrauding the Creditor, that is the recipient of said dividend, that the utilities companies lead the recipient to believe through deception is an invoice.
>
> The utilities companies in turn then extract through extornionate measures payment from the customers instead of the utilities companies informing those same recipients that the dividend is in

---

[2] Plaintiff names Christopher Winfrey as Defendant in his caption but identifies both Christopher Winfrey and "SPECTRUM" as Defendants in his Complaint.  (Compl., at PageID 1, 4, 5.)  The Court will consider both Mr. Winfrey and "SPECTRUM" as Defendants.

> actuality payment to the recipient as a charged off debt pursuant to the incorporated in entirety documented evidence provided therein.
>
> All utility companies have thus created a convertible and fraudulent debt.
>
> Every/all utilities companies have failed to pay off any of the public debt but rather unlawfully redirected ill-gotten gains into private corporate accounts through embezzlement, theft by deception, fraudulent conversion, and in violation to each all incorporated in entirety laws established through and as a result of the US Bankruptcy of 1933, wherein there is no money, only "bank Notes" which are but only a promise to pay.
>
> Thus all Debts are to be Discharged as agreed, but the utilities companies (and banks) through their greed have not discharged any debt, fraudulently making the utility customer deeper in debt by utilities companies use of "Bank Notes" or "Promissory Notes" that the utilities companies add to the public debt side of the books rather than discharging the debt as stipulated in Public Laws, House Resolution, and House Joint Resolution.

(*Id.* at PageID 8.)  Plaintiff contends that he suffered duress, stress, and depression and his conscious was shocked.  (*Id.*)

Plaintiff's claims and allegations are devoid of any comprehensible legal or factual basis. The Undersigned cannot discern a claim upon which relief may be granted.  *See Iqbal*, 556 U.S. at 678 (A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557); *Frengler*, 482 F. App'x at 976–77 (""[C]ourts should not have to guess at the nature of the claim asserted.'") (quoting *Wells v. Brown*, 891 F.2d at 594).  In particular, Plaintiff's Complaint is devoid of any factual allegations against Defendants.  *Hawkins-Bivins v. Michigan*, No. 2:25-CV-22, 2025 WL 464702, at *3 (W.D. Mich. Feb. 12, 2025) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.").  Instead, he provides a conclusory statement: "Each defendant or persons and its respective government agencies through its parterships as a business for

profit acted under color of law and has deprived or conspired willfully to deprive me of any right protected by the Constitution or laws of the United States." (Compl. at PageID 7 (as in original).) The Undersigned finds that Plaintiff fails to state a claim upon which relief may be granted. Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's claims be dismissed in their entirety.

### III. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Court **DISMISS** the Complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

The Undersigned **FURTHER RECOMMENDS** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within **14 DAYS**, file and serve on all parties any objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Responses to objections must be filed within **14 DAYS** after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely

objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

        **IT IS SO ORDERED.**

Date:  January 12, 2026                      */s/ Elizabeth A. Preston Deavers*
                                             ELIZABETH A. PRESTON DEAVERS
                                             UNITED STATES MAGISTRATE JUDGE